FILED IN MY OFFICE
DISTRICT COURT CLERK
3/4/2015 10:42:53 AM
James A. Noel
Veronica Archuleta

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT**

**CHARLOTTE INGRAHAM,** as
Personal Representative for the
Wrongful Death Estate of
**PARRISH DENISON,** deceased,

       **Plaintiff,**

**vs.**

                                       No. D-202-CV-2015-01629

**CITY OF ALBUQUERQUE,**
**OFFICER ANTHONY SEDDLER,** in his
individual capacity and as an employee of the
Albuquerque Police Department,
**FRANCISCO ARAGON,** in his individual
capacity and as an employee of the
Albuquerque Police Department,
**JOHN/JANE DOE SUPERVISOR,** in
his/her individual capacity and as an
employee of the Albuquerque Police
Department,

       **Defendants.**

## FIRST AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS[1]

Plaintiff brings this complaint under 42 U.S.C. §1983, the United States Constitution, the

New Mexico Constitution, and the New Mexico Tort Claims Act for damages resulting from the

illegal seizure, and assault and battery of Plaintiff. For his complaint Plaintiff states and alleges

as follows:

### JURISDICTION AND VENUE

1.      Upon information and belief, all Defendants are residents of Bernalillo County,

New Mexico.

2.      Plaintiff Charlotte Ingraham is a resident of San Juan County, New Mexico.

---

[1] Plaintiff amends this complaint to correct the spelling of her last name.



3.      All of the acts complained of herein occurred exclusively in Bernalillo County, New Mexico.

4.      Jurisdiction and venue are proper in Federal Court and in New Mexico pursuant to 42 U.S.C. §1983, 1988, and 28 U.S.C. §1343.

**PARTIES**

5.      Plaintiff Charlotte Ingraham, (hereinafter "Plaintiff") is an individual who was at the time of the incident complained of herein a resident of San Juan County, New Mexico.

6.      Defendant City of Albuquerque is a local governmental entity organized and existing under the law of the State of New Mexico and is a "person" subject to suit herein.  Upon information and belief the City of Albuquerque is responsible for the maintenance, operation, management, and control of the Albuquerque Police Department (hereinafter "APD").

7.      The Albuquerque Police Department is a law enforcement agency operating within Bernalillo County, State of New Mexico, and was at all times material hereto the employer of Defendant Officers Anthony Sedler, Francisco Aragon, and John/Jane Doe Supervisor.

8.      Defendant Officer Anthony Sedler, (hereinafter "Defendant Sedler") is a law enforcement officer who was employed by the Albuquerque Police Department at all times material to this complaint.

9.      Defendant Sedler was acting within the course and scope of his employment and under color of state law at all times material to this complaint.

10.      Upon information and belief, Defendant Sedler is, and was at all material times, a resident of Bernalillo County, New Mexico.

2

11.     Defendant Officer Francisco Aragon, (hereinafter "Defendant Aragon") is a law enforcement officer who was employed by the Albuquerque Police Department at all times material to this complaint.

12.     Defendant Aragon was acting within the course and scope of his employment and under color of state law at all times material to this complaint.

13.     Upon information and belief, Defendant Aragon is, and was at all material times, a resident of Bernalillo County, New Mexico.

14.     Defendant John/Jane Doe Supervisor (hereinafter "Defendant Doe") is a law enforcement officer employed by the Albuquerque Police Department.

15.     Defendant Doe was acting within the course and scope of his/her employment and under color of state law during all times material to this complaint.

16.     Upon information and belief, Defendant Doe is, and was at all material times, a resident of Bernalillo County, New Mexico.

## FACTUAL BACKGROUND

17.     Plaintiff realleges and reasserts all prior paragraphs of this Complaint as though fully set forth herein.

18.     On March 5, 2013, Parrish Denison was a passenger in a dark colored pickup truck parked in the parking lot of the Music-Go-Round in Albuquerque, New Mexico.

19.     Officer Frick, a police sergeant with the Albuquerque Police Department was dispatched to the Music-Go-Round in response to a female suspect selling allegedly stolen musical instruments.

20.     While en route to the Music-Go-Round, dispatch informed Officer Frick that there were two men sitting in a dark colored pickup truck outside of the music store.

3

21.     The store clerk told 911 operators that he recognized the men in the pickup truck as the same men who had sold him stolen musical instruments on a prior date.

22.     Officer Frick told investigators that he initially took the call by himself because he believed that the woman was alone.

23.     After learning about the men in the pickup truck being suspected of selling stolen musical instruments, Officer Frick called for backup.

24.     Officer Frick was wearing his uniform and badge of office and driving his marked police vehicle.

25.     Defendant Frick pulled into the parking lot of the Music-Go-Round near the dark colored pickup truck, activated the lights on his patrol unit and shined his spotlight on the pickup truck.

26.     As he did so he observed Parrish Denison (hereinafter "Denison"), exit the dark colored pickup truck and run east along the strip mall parking lot.

27.     Officer Frick followed Denison in his marked patrol unit.

28.     Denison came to the end of the strip mall, paused and turned around and began running in the opposite direction from which he came.

29.     Officer Frick got out of his vehicle and gave chase to Denison.

30.     After some time, Officer Frick decided not to continue chasing Denison and stayed behind to hold the perimeter that was being set up.

31.     Upon information and belief, Denison continued to run from the police and hid in the bushes near a store front on the south side of Menaul.

32.     Defendant Aragon was stationed on the southeast corner of the Chili's rooftop.

33.     Defendant Aragon was armed with a .308 caliber sniper rifle and was tasked with providing cover for the less lethal officers on scene.

34.     As Air One circled the vicinity, Defendant Aragon alleges that he was able to see Denison moving in the bushes outside the storefront.

35.     When Denison stood up, Defendant Aragon fired one round and struck Denison.

36.     Denison ran north towards Chama Street.

37.     Defendant Aragon reloaded his rifle and fired a second round striking Denison again.

38.     At the times Defendant Aragon shot Denison, Denison was not threatening any officers or civilians.

39.     At the times Defendant Aragon shot Denison, Defendant Aragon admits that he did not feel that he was not in danger.

40.     At the times Defendant Aragon shot Denison, Defendant Aragon only knew that there was a search for an armed suspect.

41.     As Denison continued to run away from APD officers, Defendant Aragon lost sight of him.

42.     Defendant Sedler admits that when he first responded all he knew was that there was a search for an armed suspect.

43.     At around 7:30 pm Defendant Sedler was in place near the northeast corner of the Chili's restaurant located on Menaul.

44.     Officer Sedler told investigators that shortly after he heard a loud bang, which was confirmed to be an accidental discharge by APD Officer James Perdue, he saw Denison running towards him with a gun in his hand as if he intended to shoot someone.

45.     When asked by investigators if Denison's arms were moving up and down as they normally do when running, Defendant Sedler said that Denison kept his right arm more steady as if to be able to use the gun in his hand to shoot someone.

46.     This is contradicted by video taken of the incident which shows Denison running across the street with both arms swinging back and forth. At no time in the video is Denison seen to be pointing a gun at anyone.

47.     The video shows Denison run across Menaul towards the Day Light Café and it does not appear that Denison had anything in his hand.

48.     The video shows that Denison was shot in the back and side as he collided with the doors to the Day Light Café.

49.     After colliding with the doors of the café, Denison falls to the ground and does not get back up. Nor does he point a gun at anyone.

50.     Defendant officers failed to issue any warning that they were going to shoot.

51.     Denison died from his gunshot wounds.

52.     The autopsy report shows that Denison was shot at least 5 times.

53.     Upon information and belief, the trajectory of several of the gunshot wounds show that the bullets entered Denison from behind.

54.     Upon information and belief, an eyewitness to the shooting told KOAT news on March 7, 2013, that Denison was not pointing a weapon at officers when he was shot. The witness is adamant that Denison did not point a weapon at any APD officers at the time he was shot.

## FEDERAL CONSTITUTIONAL CLAIMS
## COUNT I – FOURTH AMENDMENT CLAIM FOR UNREASONABLE SEIZURE
### (AGAINST ALL NAMED OFFICERS)

55.     Plaintiff realleges and reasserts all prior paragraphs of this Complaint as though fully set forth herein.

56.     Denison has a Fourth Amendment right to be free of unreasonable seizures.

57.     Defendants violated Denison's Fourth Amendment right to be free from unreasonable seizures.

58.     As a direct and proximate result of the Defendants' conduct set forth herein, Denison was killed and Plaintiff suffered damages including: mental distress, emotional suffering, funeral expenses, and hedonic damages.

59.     Defendants' conduct was willful, wanton, malicious, and in utter disregard and indifference for Denison's legal rights, warranting imposition of punitive damages.

60.     Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiff prevails.

## COUNT II – FOURTH AMENDMENT CLAIM FOR EXCESSIVE
## AND UNNECESSARY USE OF FORCE
### (AGAINST ALL NAMED OFFICERS)

61.     Plaintiff realleges and reasserts all prior paragraphs of this Complaint as though fully set forth herein.

62.     Denison had a Fourth Amendment right to be free of excessive and unnecessary force.

63.     Defendants violated Denison's right to be free of excessive and unnecessary force by shooting at him, shooting him, seizing him, and killing him.

7

64.     As a direct and proximate result of Defendants' conduct as set forth herein, Denison was killed and Plaintiff suffered damages including: mental distress, emotional suffering, funeral expenses, and hedonic damages.

65.     Defendants' conduct was willful, wanton, malicious, and in utter disregard and indifference for Denison's legal rights, warranting imposition of punitive damages.

66.     Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiff prevails.

## COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION (AGAINST DEFENDANTS CITY OF ALBUQUERQUE, AND JOHN/JANE DOE SUPERVISOR)

67.     Plaintiff realleges and reasserts all prior paragraphs of this Complaint as though fully set forth herein.

68.     Upon information and belief, Defendant Sedler was known by the Albuquerque Police Department and City of Albuquerque to be a problem officer.

69.     Prior to shooting Denison, Defendant Sedler was involved in the shooting death of Chris Hinz on June 10, 2010[2].

70.     In addition to being part of a prior officer involved shooting, Defendant Sedler has been sued at least 3 separate times for civil rights violations.

71.     Despite these warning signs, Defendants John/Jane Doe Supervisor and the Albuquerque Police Department took no action to correct Officer Sedler's behavior.

72.     Upon information and belief, Office Sedler received no retraining on the appropriate use of force.

---

[2] Since shooting and killing Denison, Defendant Sedler was involved in the shooting death of Jeremy Robertson on July 22, 2014. Robertson was also running away from police when he was shot and killed.

73.     Defendant City of Albuquerque's negligence includes, but is not limited to:

a)   inadequate screening of Defendants Sedler and Aragon as a prospective employees;

b)   inadequate management;

c)   inadequate training and enforcement of policies regarding citizen encounters and use of force;

d)   inadequate training on proper police work;

e)   inadequate  knowledge of the law that they have been given the privilege to enforce;

f)   placement or retention of Defendants Sedler and Aragon in direct community service and law enforcement positions; and

g)   inadequate supervision of Defendants and Sedler and Aragon.

74.     As a direct and proximate result of the Defendants City of Albuquerque and John/Jane Doe's conduct set forth herein, Denison was killed and Plaintiff suffered damages including: mental distress, emotional suffering, funeral expenses, and hedonic damages.

75.     Defendants City of Albuquerque and John/Jane Doe's conduct was willful, wanton, malicious, and in utter disregard and indifference for Denison's legal rights, warranting imposition of punitive damages.

76.     Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiff prevails.

## COUNT IV – RESPONDEAT SUPERIOR
### (AGAINST DEFENDANT CITY OF ALBUQUERQUE)

77.     Plaintiff realleges and reasserts all prior paragraphs of this Complaint as though fully set forth herein.

78.    Defendant Officers who performed the aforementioned illegal acts against Denison were, at all times material hereto, employees and/or agents of Defendant City of Albuquerque.

79.    Defendant Officers who performed the aforementioned illegal acts against Denison were, at all times material hereto, acting within the course and scope of their employment with Defendant City of Albuquerque.

80.    Defendant City of Albuquerque is liable for the actions of Defendant Officers who performed the aforementioned illegal acts against Denison.

81.    Defendant City of Albuquerque approved, authorized, and ratified the conduct of Defendant Officers who performed the aforementioned illegal acts against Plaintiff.

82.    As a direct and proximate result of Defendants' conduct as set forth herein, Denison was killed and Plaintiff suffered damages including: mental distress, emotional suffering, funeral expenses, and hedonic damages.

83.    Defendant's conduct was willful, wanton, malicious, and in utter disregard and deliberate indifference for Denison's legal rights, warranting imposition of punitive damages

84.    Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiffs prevail.

### COUNT V – STATE TORT CLAIMS
### ASSAULT, BATTERY, FALSE ARREST, AND FALSE IMPRISONMENT
### (AGAINST ALL NAMED OFFICERS)

85.    Plaintiff realleges and reasserts all prior paragraphs of this Complaint as though fully set forth herein.

86.    The actions of Defendants were not justified or privileged under state law.

87.     Defendants' excessive and unnecessary use of force against Denison constitutes assault and battery.

88.     Defendants' illegal seizure as well as use of force constitutes false arrest and false imprisonment.

89.     As a direct and proximate result of Defendants' conduct set forth herein, Denison was killed and Plaintiff suffered damages including: mental distress, emotional suffering, funeral expenses, and hedonic damages.

90.     Defendants' conduct was willful, wanton, malicious, and in utter disregard and deliberate indifference for Denison's legal rights, warranting imposition of punitive damages.

91.     Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiff prevails.

WHEREFORE, Plaintiff requests compensatory damages and punitive damages under federal and state law claims against the individual Defendants in their individual capacities and as employees of Defendant City of Albuquerque; and reasonable costs and attorneys fees incurred in bringing this action.

Respectfully submitted,
LAW OFFICE OF FRANCES CROCKETT, LLC

/s/ Frances C. Carpenter
Frances C. Carpenter
Attorney for Plaintiff
118 Wellesley Drive SE
Albuquerque, NM 87106
Office: 505.314.8884; Fax: 505.265.1319
frances@francescrockettlaw.com